IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRENDON THOMAS,** | ) |
| | ) |
| | )   **CIVIL ACTION NO. 24-0185-JB-B** |
| **vs.** | ) |
| | ) |
| **AMERICAN EXPRESS NATIONAL BANK** | ) |

**ORDER**

This matter is before the Court on Plaintiff, Brendon Thomas' ("Thomas") Motion for Permission to Appeal *In Forma Pauperis* ("IFP") and Affidavit in support thereof. (Doc. 29). For the reasons set forth herein below, Thomas' Motion (Doc. 29) is DENIED.

**DISCUSSION**

Thomas initially filed this breach of contract action in the Circuit Court of Mobile County, Alabama against Defendant, American Express National Bank on February 28, 2024. (Doc. 1). The action was subsequently removed by Defendant, who then sought to dismiss Plaintiff's claims with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6). The motion was fully briefed and a hearing was held on November 6, 2024. After a consideration of the relevant filings and the arguments made at the hearing, this Court granted Defendant's motion and dismissed Plaintiff's action with prejudice. In so doing, the Court articulated that Plaintiff's Complaint failed to state a plausible breach of contract action because Plaintiff failed to allege a valid contract existed. The same day, Thomas filed a Notice of Appeal (Doc. 28) and the instant motion to proceed on appeal *In forma Pauperis* (Doc. 29).

The determination of application to proceed *in forma pauperis* ("IFP") is governed by 28 U.S.C. § 1915. Section 1915(a) provides, in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress ....
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Thomas' application to proceed *in forma pauperis* on appeal indicates that he has no income or assets. (Doc. 29). As a result, Thomas likely qualifies financially to proceed *in forma pauperis*.[1] The Court next looks to whether the appeal is taken in good faith. Generally, a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (citation omitted). If the "legal theories" on appeal are "indisputably meritless", the issue is frivolous and not brought in good faith. *Id.* (quoting *Carroll v. Gross*, 984 F.2d at 393). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is without arguable merit either in law or fact." *Id.* at 860 (citation omitted). And "arguable means capable of being convincingly argued." *Id.* (citation omitted). Moreover, if "a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed." *Id.* (citation omitted). On the other hand, the Court cannot grant leave to proceed *in forma pauperis* if the issues on appeal are frivolous. 28

---

[1] Whether Thomas qualifies financially to proceed *in forma pauperis* on appeal is immaterial in this instance, because even assuming he does, the present motion is still due to be denied for the reasons stated herein below.

U.S.C. § 1915(e)(2) (B)(i)-(iii); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("At any stage of the proceedings," including appeals, "a case is frivolous [ ] when it appears that the plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless.") (citations omitted) (addressing the frivolity of a complaint).

Thomas' Notice of Appeal and accompanying motion to proceed IFP sets forth that he believes this Court erred in dismissing his breach of contract claim. He further reasserts the arguments previously presented to this Court that his application for credit with Defendant, which was denied, created a contract. Thomas, however, has not established that his appeal is taken in good faith or that the issues he seeks to have reviewed on appeal have merit. Rather, it is clear that Thomas seeks another round of review of those arguments which he has already made and which have already been decided by this Court. He provides no sound argument or legal basis which would support that his claims have merit on appeal. As such, Thomas has presented no new arguments which would necessitate the granting of his application to proceed *in forma pauperis*. As a result, Thomas's appeal is plainly baseless, his appeal is not taken in good faith, and his motion to proceed *in forma pauperis* is **DENIED.**

**DONE** and **ORDERED** this 18th day of November, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE